SAM BYINGTON v. THE STATE.

No. 6720. Decided March 8, 1922.

Aggravated Assault—Adult—Child—Defensive Theory.

Where, upon trial of aggravated assault by an adult upon a child, the evidence raised the issue that the defendant acted alone in defense of his son, and used no undue force, and requested a charge on this issue, which was refused, same was reversible error. Following Duffee v. State, 8 Texas Crim. App., 187, and other cases.

Appeal from the County Court of Brooks. Tried below before the Honorable J. A. Brooks.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant was charged and convicted of an aggravated assault, the ground for the aggravation being that he was an adult male and the injured party a child. A fine of $25 was assessed against him.

Appellant's son, Robert Byington, and Richard Sims, two lads, engaged in a fight. According , to the State's testimony they fought for some thirty minutes, when appellant appeared on the scene and kicked the Sims boy.

From appellant's testimony, it appears that another son ran and told him that Richard Sims was choking Robert Byington, appellant's son; that appellant immediately went and found Sims on top of Robert. Bystanders forbade the appellant from separating them. Appellant, according to his statement, walked around the bystanders and reached his foot in and booted the Sims boy off of Robert and took his son back to the school-house; that he had no intention of hurting the Sims boy in any way but only wanted to stop him from choking his son; that he would have taken hold of his son with his hands had he not been prevented from so doing by the bystanders. It is not indicated that the Sims boy was hurt, but reliance is had solely upon the fact that appellant's conduct amounted to an assault by an adult male upon a child.

By exceptions to the main charge and special charges requested appellant sought to have his defensive theory submitted to the jury,— namely, that he acted alone in defense of his son and used no undue force. Under the evidence, the propriety of giving such an instruction, we think, is not open to question. The Assistant Attorney General concedes that the refusal to do so was the error requiring reversal. The principle is stated in Guffee v. State, 8 Texas Crim. App.

187, and confirmed in many cases listed by Mr. Branch in his Ann. Tex. Penal Code, Sec. 1913.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*